UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRUS L COOPER,

          Petitioner,

v.                                         Case No. 22-cv-0181-bhl

LARRY FUCHS,

          Respondent.

## SCREENING ORDER

On February 14, 2022, petitioner Tyrus L. Cooper, a state prisoner currently incarcerated at Columbia Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On February 22, 2022, Cooper paid the $5.00 filing fee.

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Cooper's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

Cooper was convicted of one count of armed robbery under Wis. Stat. Section 943.32(2) and one count of being a party to a crime under Wis. Stat. Section 939.05 in Milwaukee County Circuit Court and is currently serving a 10-year sentence. (ECF No. 1 at 1.) He challenged his conviction on direct appeal before both the Wisconsin Court of Appeals and Wisconsin Supreme Court. (*Id.* at 2.)

Cooper's habeas petition asserts four grounds for relief: (1) his guilty plea was not knowing, voluntary, and intelligent; (2) the trial court refused to allow him to withdraw his guilty plea even though he demonstrated a fair and just reason to do so; (3) he did not understand the

exact terms of the plea agreement he entered; and (4) his appellate counsel failed to notify him of the Wisconsin Supreme Court's decision in a timely manner. (*Id.* at 6-7.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a request for federal habeas corpus relief is subject to a one-year limitation period. 28 U.S.C. §2244(d)(1). Generally, this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be the one identified in [§2244(d)(1)(A)]: 'the date on which the judgment of conviction becomes final.'"). "In Wisconsin, a direct challenge to a conviction becomes 'final' the day the Remittitur issues." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Wis. Stat. §809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 593 N.W.2d 48, 51 (1999)). Regardless of the starting date, the limitations period is tolled when the petitioner has a properly filed, pending application for post-conviction or collateral review of the challenged judgment. 28 U.S.C. §2244(d)(2).

In this case, the Supreme Court of Wisconsin issued its decision on June 20, 2019. (ECF No. 1 at 5.) Cooper complains he did not receive notice of that decision until September 25, 2020 and did not receive the relevant files until November 12, 2020. (*Id.* at 7.) These assertions have no bearing on the timeliness of the petition, however. Even if these delays occurred and somehow extended Cooper's time to request habeas relief, his habeas petition was filed late; February 14, 2022 is well past the one-year deadline that would have expired, at the very latest, on November 12, 2021. (*Id.* at 1.)

Cooper argues that this Court should equitably toll the limitations period and allow him an extra 90 days because he could have (but did not) file a petition for certiorari review in the United States Supreme Court. (*Id.* at 7.) Contrary to Cooper's suggestion, the filing of a petition for certiorari with the United States Supreme Court does not toll the one-year limitations period for seeking habeas relief. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). The 90-day-period to petition for certiorari runs concurrently with the one-year deadline for filing a habeas petition. Accordingly, even if Cooper had sought United States Supreme Court review, he would not have had the additional 90 days he asks the Court to give him. Thus, there is no reason to append an additional 90 days to Cooper's habeas window here. Because Cooper failed to file his habeas

petition within one year, and because equitable tolling does not apply and would not help him if it did, his habeas petition must be dismissed as untimely.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus is **DISMISSED**. The Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on April 12, 2022.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge